**UNITED STATES of America**

v.

**Werner Herbert MEYER, Defendant.**

**No. 72 Cr. 1214.**

United States District Court,
S. D. New York.
July 12, 1973.

Paul J. Curran, U. S. Atty., New York City, for plaintiff; George F. Wilson, Sp. Asst. U. S. Atty., of counsel.

Rabinowitz, Boudin & Standard, New York City, for defendant; Joan Goldberg and Eric M. Lieberman, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Defendant Werner Herbert Meyer stands indicted for failure to report for induction into the armed services of the United States in violation of 50 App. U. S.C. § 462(a) (1971) and 32 C.F.R. § 1632.14 (1972). He now moves to dismiss the indictment on the ground, *inter alia*, that his I–A classification is without a basis in fact. For the reasons set out *infra*, the motion is granted.

A review of defendant's Selective Service file reveals the following facts. Meyer duly registered with the Selective Service System on April 3, 1965. From May 12, 1965 through September 9, 1970, defendant enjoyed a student deferment (either class I–S(H) or II–S). On February 20, 1970, he filed a conscientious objector form (SSS form 150) with his local board. He was, however, continued in his II–S classification.

On September 9, 1970, defendant was classified I–A. His letter requesting a personal appearance before the board was received on October 5, 1970. Meyer appeared before his local board on November 10, 1970 and requested that he be classified I–O as a conscientious objector. The board rejected his claim by a 3 to 0 vote and, on the same date, classified him I–A.

Meyer wrote to the local board on December 8, 1970 requesting an appeal of the board's decision. He also requested that he be allowed to consult with the Government Appeal Agent in Smithtown, New York rather than with the agent at his local board in Nyack, New York, since the former was much closer to his school residence than the latter. This request was granted on December 15, 1970 by the local board but his file was not sent to the agent in Smithtown since that agent had no jurisdiction over the local board in Nyack. On the same date, defendant's selective service file was forwarded to the Southern District Appeal Board in Yonkers, New York.

Defendant then wrote to the New York State Selective Service System Director claiming that (1) he was effectively denied his right to consult with a Government Appeal Agent because his local board refused to send his file to the agent in Smithtown, and (2) his file was prematurely forwarded to the appeal board and, thus, that he was unable to add several letters of support to his file. Copies of this letter and the letters of support were mailed to the local board, the Government Appeal Agent at the local board and the Southern District Appeal Board. They were received by the first two on December 23, 1970 and by the third on December 28, 1970.

The State Director replied by letter to Meyer dated January 5, 1971 stating that the proper procedure had been followed by the local board in all respects. On January 29, 1971, the Appeal Board affirmed the local board's classification by a 3 to 0 vote and, on the same date, an order to report for induction was mailed to defendant. Meyer failed to report for induction and on March 2, 1971, his file was forwarded to the United States Attorney's Office for the Southern District of New York for further action. Prosecution of the case was halted, however, on July 29, 1971, when

the New York State Headquarters of the Selective Service System directed the local board to reopen Meyer's classification due to the absence of stated reasons for the denial of his conscientious objector claim.

On August 11, 1971, the local board, without notice to defendant, reconsidered his claim and again voted 3 to 0 to classify him I–A. On the same day, SSS form 110, Notice of Classification, was mailed to defendant. A second order to report for induction was sent to Meyer on October 8, 1971. Again Meyer failed to report and again the file was forwarded to the United States Attorney's Office for the Southern District of New York for action. Defendant is now being prosecuted for failure to comply with the second order to report for induction.

Several grounds have been raised in support of Meyer's motion to dismiss the indictment including (1) insufficiency of the indictment in alleging a knowing failure to report, (2) deprivation of defendant's right to due process, and (3) improper proceedings before the grand jury.[1] It is not necessary to consider these grounds, however, since the Court finds that defendant's classification is without a basis in fact.

*Exhaustion of Administrative Remedies*

Before proceeding to the merits of defendant's motion, it is necessary to meet the Government's claim that he has failed to exhaust his administrative remedies and is, therefore, precluded from asserting the invalidity of his classification. The basis for this claim is that Meyer, after being duly notified of his I–A classification of August 11, 1971 and of his right to a personal appearance and appeal (both accomplished by the mailing of SSS form 110 on the same date), chose to pursue neither course of action and merely failed to report for a second time on November 16, 1971.

The Government relies heavily on the Supreme Court's decision in McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). That case involved a defendant who deliberately pursued a policy of non-cooperation with the Selective Service System after the denial of a I–O claim. The Court held that:

"The exhaustion requirement is properly imposed where . . . the claim to exemption depends on careful factual analysis and where the registrant has completely sidestepped the administrative process designed to marshal relevant facts and resolve factual issues in the first instance.

"[P]etitioner's dual failure to exhaust —his failure either to secure a personal appearance or to take an administrative appeal—implicates decisively the policies served by the exhaustion requirement, especially the purpose of ensuring that the Selective Service System have full opportunity to 'make a factual record' and 'apply its expertise' in relation to a registrant's claims." McGee v. United States, *supra*, 402 U.S. at 488, 489–490, 91 S.Ct. at 1571.

The facts in the case at bar are, however, clearly distinguishable.

Indeed, the Government's contentions to the contrary notwithstanding, this Court finds the Second Circuit's opinion in United States v. Holby, 477 F.2d 649 (2d Cir. 1973), to be controlling. In the instant case, as in *Holby*, defendant, prior to his first refusal to report for induction, complied with all Selective Service rules and regulations and diligently pursued his administrative remedies; he submitted a full and convincing application for a I–O classification (albeit without any supporting letters in the first review of his request); he personally appeared before the local board and duly appealed their decision to the appeal board; the State Headquarters directed the local board to

---

1. Meyer has also moved this Court for the production of grand jury minutes. Since the indictment is dismissed on grounds oth-

er than improper proceedings before the grand jury there is no need to consider that motion.

reopen his classification; and, as in *Holby*,

"[a]ll that remained for [defendant] to do when the board adhered to the I–A classification was to file a simple statement saying 'I appeal'. That would have added nothing on the merits to the already complete administrative record." United States v. Holby, *supra*, at 654.

Furthermore, the instant defendant, *unlike* the defendant in *Holby*, was never notified of the reopening of his classification. Although the Selective Service Regulations do not require that the registrant be notified of the reopening of his file, Meyer's failure to appeal the local board's I–A classification of August 11, 1971 without that knowledge can hardly be compared with the deliberate disregard of proper administrative procedure before the Supreme Court in *McGee*.

It is apparent to this Court that

" '[d]iscrete analysis of the particular default' . . . in the case at bar [indicates] that the application of exhaustion doctrine here would be exceedingly harsh and that there is no governmental interest compelling enough to justify its application. Moreover, under the circumstances of this case, there is no danger that allowing similarly situated registrants to bypass administrative procedures would seriously impair the ability of the Selective Service System to perform its functions." United States v. Holby, *supra*, at 653.

*See also* United States v. Glover, 286 F. 2d 84 (8th Cir. 1961).

### Defendant's I–A Classification

■ Meyer's I–O claim was rejected by the local board because they believed him not to be sincere in his beliefs. The issue of sincerity is the threshold question of fact which must be resolved in every conscientious objector claim. United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). The courts' scope of review of this local board determination is an exceedingly narrow one.

"The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant." Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 427, 90 L.Ed. 567 (1946).

After defendant's personal appearance before the board on November 10, 1970, the board rejected his I–O claim and, in the Summary of Appearance Before Local Board, stated the basis for its decision:

"It does not appear to the Panel that the man is sincere in his convictions." (Gov't. Memo in Opp. to Motion to Dismiss, Exh. 3).

New York State Headquarters rejected the explanation as insufficient and the local board was directed as follows:

"Recent court decisions have necessitated a clear statement of reasons for denying conscientious objector claims. Conclusions such as 'he is not sincere' or 'his beliefs are not deeply held' are insufficient if not supported by statements of fact.

"In view of the above it will be necessary for the local board to reopen the registrant's classification and if they are of the opinion that he does not qualify for a conscientious objector classification they must follow the guidelines stated above." (Gov't. Memo. in Opp. to Motion to Dismiss, Exh. 6).

Upon reconsideration of Meyer's I–O request, the local board issued the following Report of Information on August 11, 1971:

"Registrant requested SSS Form 150 when he was going to school part-time and was not eligible for a student deferment.

"Registrant states that he has a religious objection to war. The L.B. notes that the registrant did not join the Baptist Church until he was almost 20 yrs. old and before that time had no religious training at all. Registrant also states on SSS Form 150 'I did not remain active in the Baptist religion for a long time'. The registrant also states that he could submit letters sup-

porting his C.O. claim, but felt he did not need it and there are none in his file.

"*Therefore* the Local Board again concluded that the registrant's beliefs are not deeply or seriously held." (Gov't. Memo. in Opp. to Motion to Dismiss, Exh. 7) (emphasis added).

The first paragraph of the report obviously has no bearing on defendant's sincerity of belief and the last paragraph merely states the board's conclusion. The use of the word "therefore" would indicate that the second paragraph expresses the reasons for questioning Meyer's sincerity, *i. e.*, that he had *no formal religious training* until he was twenty years old, that he was not a member of an organized religion until he was twenty years old, that he belonged to the Baptist Church for only a short time and that he *did not submit* letters in support of his request.

■■ To the extent that the local board's determination of the religious nature of Meyer's belief was based upon his lack of affiliation with an organized religion, that determination may not stand. *See, e. g.*, United States v. Seeger, *supra*, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733. The Government argues, however, that since defendant based his I–O claim on religious grounds, the local board was entitled to "inquire into the extent of those grounds and reject the claim if they were superficial." (Gov't. Memo. in Opp. to Motion to Dismiss, at 9). Thus, the Government seems to take the position that while the religious nature of Meyer's belief may not be measured by his lack of affiliation with an organized religion, his sincerity may be so measured.

This argument is erroneous in at least two respects. In the first instance, Meyer is not basing his claim upon a belief in the teachings of the Baptist Church. Rather, his statement filed with the local board indicates that his belief in \nonviolence began sometime after his twelfth birthday and that his introduction into the Baptist Church merely led to his belief in God and reinforced his opposition to violence. This is entirely consistent with the Supreme Court's pronouncement that "[t]he relevant individual belief is simply objection to all war, not adherence to any extraneous theological viewpoint." Gillette v. United States, 401 U.S. 437, 454, 91 S.Ct. 828, 838, 28 L.Ed.2d 168 (1971). Furthermore,

"[t]he sincerity of a conscientious objector's claim is not to be determined by the extent to which he has conformed to the forms of his church nor by his ability to articulate its dogma." United States v. Rutherford, 437 F.2d 182, 187 (8th Cir. 1971).

The last portion of the second paragraph of the Report of Information— that no letters in support of Meyer's claim were in his Selective Service file —is factually incorrect. At the time of the first review of his I–O claim, Meyer did not submit any letters of support because he wanted his religious beliefs to be judged on the basis of his own testimony before the board. (Gov't. Memo. in Opp. to Motion to Dismiss, Exh. 2). However, two such letters were submitted to, and received by, the local board on December 23, 1970, in connection with his appeal. These letters were, therefore, in his file at the time his classification was reopened on August 11, 1971. Indeed, this misstatement of fact supports defendant's contention that the reconsideration of his claim was merely a *pro forma* compliance with the direction of State Headquarters rather than a serious reevaluation of his I–O request.

■■ While the use of a single impermissible basis for a I–A classification —lack of affiliation with an organized religion in the instant case—alone would justify dismissal of the instant indictment (*see, e. g.*, Sicurella v. United States, 348 U.S. 385, 392, 75 S.Ct. 403, 99 L.Ed. 436 (1955)), this Court feels compelled to note further that where, as here, a registrant presents a *prima facie* claim for conscientious objector status,

" . . . mere disbelief in the sincerity of a registrant, grounded on no

objective evidence of insincerity, will not suffice to deny a registrant an exemption as a conscientious objector." United States v. Hayden, 445 F.2d 1365, 1373 (9th Cir. 1971).

*See also* United States ex rel. Checkman v. Laird, 469 F.2d 773, 785 (2d Cir. 1972). There is no such objective evidence in Meyer's Selective Service file. Neither his statement to the local board, nor the letters submitted in his behalf, nor his personal appearance before the board reveal any inconsistencies in his professed religious beliefs. Indeed, the questions and answers recorded by both defendant and the local board in their respective summaries of his appearance (no official minutes of that appearance were made) would seem to reinforce rather than detract from the apparent sincerity of his beliefs. In short there is not even one scintilla of evidence to support the local board's finding of insincerity.

Therefore, the order issued by the local board for Meyer to report for induction was invalid and the indictment is hereby dismissed.

So ordered.